**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

———————

**No. 12-4506**

———————

UNITED STATES OF AMERICA,

              Plaintiff - Appellee,

     v.

JUAN JARAMILLO-JIMENEZ,

              Defendant - Appellant.

———————

Appeal from the United States District Court for the Middle District of North Carolina, at Greensboro. Catherine C. Eagles, District Judge. (1:11-cr-00342-CCE-1)

———————

Submitted: February 8, 2013     Decided: February 25, 2013

———————

Before KING, FLOYD, and THACKER, Circuit Judges.

———————

Affirmed by unpublished per curiam opinion.

———————

Louis C. Allen III, Federal Public Defender, Mireille P. Clough, Assistant Federal Public Defender, Winston-Salem, North Carolina, for Appellant. Ripley Rand, United States Attorney, Angela H. Miller, Assistant United States Attorney, Greensboro, North Carolina, for Appellee.

———————

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Juan Jaramillo-Jimenez ("Jaramillo") was convicted of one count of unlawful reentry after being deported after having been convicted of three misdemeanor offenses involving crimes against the person, in violation of 8 U.S.C. § 1326(a) (2006). The district court sentenced Jaramillo to nineteen months' imprisonment, a within-Guidelines sentence. On appeal, Jaramillo contends the sentence is unreasonable because it is longer than necessary to accomplish the goals of 18 U.S.C. § 3553(a) (2006). We affirm.

This court reviews a sentence for reasonableness, applying a deferential abuse-of-discretion standard. Gall v. United States, 552 U.S. 38, 51 (2007). If the sentence is free of significant procedural error, the court also reviews its substantive reasonableness. United States v. Lynn, 592 F.3d 572, 575 (4th Cir. 2010). The sentence imposed must be "sufficient, but not greater than necessary, to comply with the purposes" of sentencing. 18 U.S.C. § 3553(a). A within-Guidelines sentence is presumed reasonable on appeal, and the defendant bears the burden to "rebut the presumption by demonstrating that the sentence is unreasonable when measured against the § 3553(a) factors." United States v. Montes-Pineda, 445 F.3d 375, 379 (4th Cir. 2006) (internal quotation marks omitted).

2

The district court has "extremely broad discretion" in deciding the weight to give each of the sentencing factors raised by the parties. United States v. Jeffery, 631 F.3d 669, 679 (4th Cir. 2011), cert. denied, 132 S. Ct. 187 (2011). "The particular weight to be afforded aggravating and mitigating factors is a matter firmly committed to the discretion of the sentencing judge." United States v. Broxmeyer, 699 F.3d 265, 289 (2d Cir. 2012) (internal quotation marks omitted).

It is undisputed that under the Sentencing Guidelines, Jaramillo had a total offense level of ten and was in Criminal History Category IV, resulting in a Guidelines Sentence of fifteen to twenty-one months' imprisonment. Jaramillo, citing several factors, sought a sentence at the low end of the Guidelines while the Government sought a sentence at the high end, noting factors that were not in Jaramillo's favor. The district court clearly considered the mitigating and aggravating factors raised by the parties and determined that a sentence near the high end of the Guidelines was appropriate. Given the court's broad discretion in this matter, we conclude that the court did not abuse its discretion by giving more weight to the aggravating sentencing factors when considered against the mitigating factors and imposing a nineteen month sentence.

Accordingly, we affirm the district court's judgment. We dispense with oral argument because the facts and legal

3

contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

AFFIRMED